UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-60128-WPD

UNITED STATES OF AMERICA,

vs.

DeANDRE MAURICE GRIER,

    Defendant.
_____/

## MOTION FOR DOWNWARD VARIANCE AND SENTENCING MEMORANDUM

COMES NOW the Defendant, DeANDRE MAURICE GRIER, by and through undersigned counsel, pursuant to United States vs. Booker, 125 S. Ct. 738 (2005), Gall vs. United States, 552 U.S. 38 (2007), and their progeny and requests this Court to impose "a sentence sufficient, but not greater than necessary" to comply with all of the factors set forth in Title 18 USC 3553(a). The Defendant submits this Sentencing Memorandum and Motion for Downward Variance and respectfully requests this Honorable Court impose a sentence below the advisory guideline range of 30 to 37 months, and vary downward to a term between 18 and 24 months in the Federal Bureau of Prisons. In support of this request, the Defendant states as follows:

### INTRODUCTION

Mr. Grier pled guilty to Count One of a 13-count Indictment, charging conspiracy to possess with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. § 846. The government recognized and documented in both its sentencing position and in the PSR that Mr. Grier's involvement was limited and peripheral. Consistent with that recognition, the

government recommended a two-level reduction for a minor role pursuant to U.S.S.G. § 3B1.2(b); and reduced the drug quantity attributed to Mr. Grier, reflecting his minimal contribution to the overall conspiracy.

The Presentence Investigation Report calculates a total offense level of 17 and a criminal history category of III, yielding an advisory range of 30 to 37 months. Mr. Grier meets all requirements for safety valve relief under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, allowing the Court to sentence without regard to the otherwise applicable five-year mandatory minimum.

The advisory range, however, fails to capture the totality of mitigating factors—his mental health, substance abuse, trauma, limited role, family support, and prospects for rehabilitation. A downward variance to 18–24 months would be "sufficient, but not greater than necessary," to satisfy the purposes of sentencing.

## THE STATUTORY FRAMEWORK OF 18 U.S.C. § 3553(a)

The Supreme Court has made clear that the guidelines are advisory, not mandatory, and that district courts must impose a sentence that reflects the individualized circumstances of the defendant. *United States v. Booker*, 543 U.S. 220 (2005); *Gall v. United States*, 552 U.S. 38 (2007). Under § 3553(a), the Court must consider: (1) The nature and circumstances of the offense and the history and characteristics of the defendant; (2) The need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; (3) The need for deterrence; (4) The need to protect the public; (5) The need to provide the defendant with education, training, medical care, or correctional treatment;(6) The kinds of sentences available; and (7)The need to avoid unwarranted sentencing disparities among similarly situated defendants. Each factor supports a downward variance here.

## NATURE AND CIRCUMSTANCES OF THE OFFENSE

Mr. Grier's role was minor and transitory within a broader conspiracy orchestrated by others. The government's own investigation concluded that Co-Defendant Chad Clark oversaw the distribution operations at multiple trap houses. Mr. Grier's participation was limited to assisting others present at only one location and direct involvement in a single controlled sale on April 2, 2025. The amount of cocaine sold on that particular day was only 6.83 grams.

He neither organized nor financed any transaction. He did not recruit others, manage proceeds, or exercise authority over the operation. He did not possess firearms nor engage in threats or violence. In short, Mr. Grier was not a very much relied-upon member of the conspiracy—he was a low-level associate, hanging around one of the houses, occasionally assisting others while self-medicating with Percocet and marijuana. His conduct, while unlawful, was borne out of addiction, idleness, and poor association—not necessarily greed or leadership.

The government's recognition of his minor role and its reduction of the attributable drug quantity confirm that his culpability is substantially less than some co-defendants. See *U.S.S.G. § 3B1.2*, comment. (n.3(A)) (reduction appropriate for defendants "substantially less culpable than the average participant"). Thus, the nature and circumstances of the offense strongly support a variance.

## HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Mr. Grier, age 26, was raised by both parents in Hollywood, Florida. His father operates a small plumbing business, and his mother works in a Broward County school cafeteria. Both remain deeply supportive of their son and have offered stable housing and employment upon his release.

He has no children, and his long-term fiancée, Roi Windom, suffers from seizures and depends on his support. His strong family network ensures supervision, accountability, and reintegration upon release. Attached and incorporated into this memorandum are copies of character letters from family and Ms. Windom further supporting the request for a variance. Composite Exhibit "A".

The Court should also know that Mr. Grier's life was shaped by significant trauma. At age 17, he was shot in a drive-by shooting, leaving bullet fragments in his leg and chronic pain that worsens in cold weather. That incident left lasting emotional scars—he was later diagnosed with depression, anxiety, and post-traumatic stress disorder.

He also suffers from ADHD, which disrupted his schooling and contributed to his inability to maintain focus or stable employment. He has recently been prescribed Zyprexa and antidepressants to manage auditory hallucinations and depression. His reliance on marijuana and Percocet during the period of the offense was, by his own admission, a form of self-medication for untreated pain and trauma. With appropriate clinical treatment—through the Residential Drug Abuse Program (RDAP) and continued therapy—Mr. Grier has the capacity to lead a stable, law-abiding life.

Mr. Grier withdrew from high school but enrolled prior to his arrest at West Park Education Center to pursue his GED. He has expressed a determination to complete his education and obtain vocational training in plumbing so that he may work alongside his father when he is ultimately released.

## THE NEED FOR THE SENTENCE IMPOSED

The need for the sentence imposed in this case calls for a careful balance between punishment, deterrence, public protection, and rehabilitation. A sentence of 18 to 24 months would, under the specific circumstances presented here, reflect the seriousness of the offense, promote respect for the law, and provide just punishment. As the Supreme Court emphasized in *Gall v. United States*, 552 U.S. 38, 50 (2007), the Court's sentence must be "sufficient, but not greater than necessary" to achieve the purposes of sentencing. While Mr. Grier's conduct warrants punishment, the advisory range of 30–37 months slightly overstates his culpability and fails to account for the full measure of his mental health struggles, substance dependence, and limited role in the conspiracy.

## DETERRENCE

With respect to deterrence, the law recognizes that the certainty of punishment—not its duration—is what influences behavior, particularly for low-level, nonviolent drug offenders. See *United States v. Bannister*, 786 F. Supp. 2d 617, 668 (E.D.N.Y. 2011). Mr. Grier's arrest, prosecution, and months of incarceration have already delivered that certainty. He now understands the consequences of poor associations, and a measured sentence within the 18–24 month range will deter future misconduct more effectively than an additional time in custody without any rehabilitative benefit.

## THE NEED FOR REHABILITATION

Finally, the need for rehabilitation weighs heavily in favor of a variance. Mr. Grier's greatest challenges are his untreated medical and psychological conditions. His primary needs are mental health care, substance abuse treatment, and vocational training. A shorter custodial term, coupled with participation in the Residential Drug Abuse Program (RDAP) and a period of

supervised release requiring continued treatment, will meet those needs far more effectively than a longer prison term. Such a sentence would address the underlying issues that led to his offense, provide structure and accountability, and offer him the tools necessary to return to society as a productive, law-abiding citizen.

In sum, a sentence within 18 to 24 months would fulfill each of the objectives of § 3553(a): it would be serious but fair, deterrent yet humane, protective of the public, and genuinely rehabilitative—a sentence sufficient, but not greater than necessary.

## THE KINDS OF SENTENCES AVAILABLE

Because Mr. Grier qualifies for safety valve relief, this Court may impose any sentence up to the statutory maximum of 40 years, but without regard to the five-year minimum mandatory. Thus, the Court has full discretion to fashion a sentence consistent with the factors outlined above.

## AVOIDING UNWARRANTED SENTENCING DISPARITIES

A sentence of 18–24 months is consistent with sentences imposed on other defendants who played minor roles in drug conspiracies. Applying 18 U.S.C. § 3553(a)(6), to drug-conspiracy cases, courts have recognized that defendants who played minor or peripheral roles often receive downward variances or reduced sentences to reflect their limited culpability. *See United States v. Cruickshank*, 837 F. 3d 1182 (11th Circuit 2016) (acknowledging that minor participants warrant lower sentences due to their restricted decision-making authority and who do not have a proprietary interest in the criminal activity); and *United States v. Santos*, 357 F.3d 136 (1st Cir. 2004) (a minor participant is a defendant that is both less culpable than his cohorts in the particular criminal endeavor and less culpable than the majority of those within the universe of persons participating in similar crimes). These cases illustrate that courts recognize

proportionality between a defendant's degree of involvement and punishment. Mr. Grier's minimal role, lack of managerial authority, and absence of profit motive align with those precedents, warranting a below-Guidelines sentence to ensure fairness and avoid unwarranted disparity with similarly situated offenders.

## CONCLUSION

Mr. Grier is not the archetype of a major drug trafficker. He is a young man shaped by trauma, addiction, and environment—someone who, with treatment and structure, can and will change. The government's acknowledgment of his minor role and reduced drug quantity confirms that his culpability lies on the lowest rung of the conspiracy ladder. A sentence of 18 to 24 months would reflect the seriousness of his offense, provide just punishment, address his medical and mental health needs, promote rehabilitation, and avoid unwarranted sentencing disparities.

WHEREFORE, Mr. Grier respectfully requests that this Court grant a downward variance.

Respectfully submitted by,

JONATHAN S. FRIEDMAN, P.A.
ATTORNEY FOR DEFENDANT
101 N.E. 3RD AVENUE
SUITE 1500
FORT LAUDERDALE, FLORIDA 33301
TELEPHONE: (954) 713-2820
FACSIMILE: (754) 301-5109

/S/ Jonathan S. Friedman

JONATHAN S. FRIEDMAN, ESQ.
FLORIDA BAR NUMBER: 0973297

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on November 15, 2025, the undersigned attorney electronically filed the foregoing document with the Clerk of the Court, United States Attorney's Office, and other counsel of record, if any, using CM/ECF and has served same via U.S. Mail to those counsel(s) or individuals, if any, who are not authorized to receive electronically Notice of Electronic Filing.

/S/ Jonathan S. Friedman
_____
JONATHAN S. FRIEDMAN, ESQ.
FLORIDA BAR NUMBER: 0973297